[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : August 9, 1991 Date of Application : August 19, 1991 Date Application Filed : August 23, 1991 Date of Decision : January 23, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR7-130259.
Brian M. Carlow, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
CT Page 1287-W
The petitioner, who was 33 years of age at the time of sentencing, was convicted following a trial by jury, of sexual assault, 1st degree in violation of General Statutes § 53a-70
(a)(1). He was sentenced to the maximum term of 20 years.
The crime occurred on May 31, 1990, the 18 year old victim was a passenger in the petitioner's vehicle. He threatened her, punched her in the face making her keep her head down, drove into a field and raped her.
The petitioner had two prior convictions for sexual assault, both in Florida, where he received an effective sentence of fifteen years in 1981. He was released after serving approximately eight and one-half years of that Florida sentence.
He argues that a split sentence with probation would be appropriate for rehabilative purposes. He states that if he is released without probationary oversight, as he was in Florida, his problems of alcohol abuse (which he claims are responsible for his behavior) would not be addressed thus he might continue to be a threat.
The State's Attorney argues that the maximum sentence was totally appropriate, that it was recommended by the pre-sentence investigator, and that his prior record warrants that sentence.
The sentencing court pointed out that the prior fifteen year sentence did not deter the petitioner and questioned whether the maximum penalty of twenty years was severe enough in view of the fact this was his third rape conviction.
Some rehabilative programs are available to the petitioner within our prisons. No one can predict with any degree of certainty they will be any more or less effective than programs which might be available outside the institution. With three rape convictions, this petitioner poses a clear threat to public safety and a lengthy period of incarceration is appropriate. CT Page 1287-X
Considering all of the factors alluded to, and reviewing this sentence pursuant to Practice Book § 942, the Division finds the sentence to be neither inappropriate nor disproportionate. It is affirmed.
Klaczak, J.
Norko, J.
Purtill, J.
Purtill, Klaczak and Norko, J.s, participated in this decision.